IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN K. ANING, and :
KATHLEEN FOTWE ANING, :
  :
    Plaintiffs, :
  : CIVIL ACTION NO.
vs. : 1:14-CV-0134-CC
  :
FEDERAL NATIONAL MORTGAGE :
ASSOCIATION and :
CITIMORTGAGE, INC. :
  :
    Defendants. :

### ORDER

This matter is before the Court on CitiMortgage, Inc.'s Motion to Dismiss [Doc. No. 3] and Federal National Mortgage Association's Motion to Dismiss [Doc. No. 4].

### I.  BACKGROUND

Plaintiffs John K. Aning ("Mr. Aning") and Kathleen Fotwe Aning, proceeding pro se, filed this action against Federal National Mortgage Association ("Fannie Mae") and CitiMortgage, Inc. ("CitiMortgage") in the Superior Court of Douglas County, Georgia.

Plaintiffs contend that on July 8, 2008, they refinanced a home mortgage loan with lender Taylor, Bean & Whitaker Mortgage Corporation ("Taylor Bean") for the property located at 4633 Rabun Drive, Douglasville, Georgia, 31035 (the "Property"). According to the records attached to the Plaintiffs' complaints[1] and CitiMortgage's

---

[1] As discussed infra, Plaintiffs filed two complaints in this action - one on November 26, 2013 and another on December 17, 2013.

Motion to Dismiss,[2] Mr. Aning executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Taylor Bean, a security deed to the Property.  MERS later transferred and assigned Mr. Aning's security deed to CitiMortgage. CitiMortgage contends that Mr. Aning stopped making payments, which caused the loan to go into default. Although the complaints provide little factual background, Plaintiffs do allege that they never stopped making payments on the Property and, in fact, made two mortgage payments within ten days of the Notice of Foreclosure Sale.  Both of those payments were returned by CitiMortgage.

CitiMortgage foreclosed on the Property on March 6, 2012.  CitiMortgage, as the highest and best bidder, purchased the Property at the sale. CitiMortgage later conveyed the property to Fannie Mae. Because Plaintiffs remained in actual possession of the Property, Fannie Mae filed a dispossessory action in Douglas County Magistrate Court.  In response, Plaintiffs filed a lawsuit against CitiMortgage and Fannie Mae.  After that action was removed to this Court, it was dismissed, without prejudice, for failure to effect service of process.  See Aning v. Fed. Nat'l Mortg. Ass'n, No. 1:12-cv-2342-CC (N.D. Ga. June 3, 2013).

On July 8, 2013, the Douglas County Magistrate Court granted Fannie Mae a writ of possession to the Property. Plaintiffs appealed the order to the Douglas County Superior Court and Fannie Mae moved for summary judgment. By order dated November 4, 2013, the Douglas County Superior Court granted Fannie Mae

---

[2] The Security Deed and assignment are central to Plaintiffs' claims and the authenticity of the documents are not disputed. See Sheppard v. Bank of Am., NA, 542 F. App'x 789, 791 (11th Cir. 2013) (unpublished).  Moreover, the Eleventh Circuit has held that a court may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment. Halmos v. Bomardier Aerospace Corp., 404 Fed. Appx. 376, 377 (11th Cir. 2010)(per curiam)(unpublished).

summary judgment. After the appeal, the Douglas County Sheriff scheduled an eviction for January 14, 2014. Plaintiffs, thereafter, commenced the instant action.

Plaintiffs allege that Defendants unlawfully foreclosed on the Property and seek damages for wrongful foreclosure, intentional infliction of emotional distress, and fraud. Plaintiffs also seek injunctive relief.

## II.     REMOVAL

On January 15, 2014, Defendants removed this action to federal court on the basis of diversity jurisdiction. CitiMortgage and Fannie Mae filed motions to dismiss for failure to state a claim on January 17, 2014 and January 22, 2014, respectively. In response to those motions, Plaintiffs argue that the Defendants' Notice of Removal is untimely and, thus, this matter is not properly before the Court. The Court will first address Plaintiffs' objection to removal and then address the merits of Defendants' motions to dismiss.

The removal provision in the U.S. Code provides:

> The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C.A. § 1446. "[T]he time-window in § 1446(b) 'is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1205 (11th Cir. 2008) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999)). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(c).

To their initial Notice of Removal, filed January 15, 2014, Defendants attach the state court complaint titled "Complaint for Wrongful Foreclosure, Intentional Infliction of Emotional Distress, Declaratory Relief, Title Fraud and Damages And To Enjoin Wrongful Eviction," which was filed December 17, 2013 in the Superior Court of Douglas County, Georgia. Plaintiffs contend, however, that the December 17, 2013 complaint was not the first complaint filed in this action. Plaintiffs show that they filed an initial complaint on November 26, 2013. Plaintiffs argue that the November 26, 2013 complaint was served upon Defendants on December 6, 2013. Plaintiffs point to two affidavits of service filed with the Superior Court of Douglas County. The first affidavit of service indicates that "FEDERAL NATIONAL MORTGAGE ASSOC ET AL" was served on December 6, 2013. The second affidavit of service indicates that Federal National Mortgage Association was served on December 12, 2013. Plaintiffs explain that after they served process on CT Corporation on December 6, 2013, CT Corporation returned the documents. CT Corporation explained, via letter, that Federal National Mortgage Association was not included in its records. Plaintiffs further contend that once they received the letter, they contacted CT Corporation and were instructed to resend the documents via mail. It appears that after Plaintiffs resent the documents, and CT Corporation received them, CT Corporation forwarded the documents to CitiMortgage.

CitiMortgage argues, however, that it was never properly served with either the December 17, 2013 complaint or the November 26, 2013 complaint. As to the December 17, 2013 complaint, upon which Defendants' initial Notice of Removal was based, CitiMortgage alleges that Plaintiffs simply transmitted a copy to the law firm Pendergast & Associates, P.C. via United States Postal Service first class mail. As to the November 26, 2013 complaint, CitiMortgage contends that on January 21, 2014 - seven days after its initial Notice of Removal was filed - CitiMortgage's registered agent received a copy via first class mail. CitiMortgage presents a Service

of Process Transmittal from CT Corporation, which indicates that CT Corporation received the November 26, 2013 complaint by regular mail on January 21, 2014. CitiMortgage also submits a copy of a mailing from Plaintiff Kathleen Aning to CT Corporation postmarked January 17, 2014.

It is well-established that the "'serving party . . . bears the burden of proof with regard to validity of service.'" Pelmore v. Pinestate Mortg. Corp., No. CIV.A.109-CV-2313TWT, 2010 WL 520767, at *2 (N.D. Ga. Feb. 8, 2010) (quoting Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009)); see also Reeves v. Wilbanks, 542 F. App'x 742, 746 (11th Cir. 2013) (unpublished). Here, the Court finds that Plaintiffs have not met their burden of showing that CitiMortgage was served with the November 26, 2013 complaint on December 6, 2013. Neither of the affidavits presented by Plaintiffs state specifically that service was made upon CitiMortgage; they both attest to service upon Fannie Mae. The only conclusive evidence showing that CitiMortgage received the complaint is the document by CT Corporation indicating that the summons and complaint was received on behalf of CitiMortgage, albeit via mail, on January 21, 2014. Because service by mail is not proper under Georgia law, the time clock for removal has not begun as to Defendant CitiMortgage. See Pelmore, 2010 WL 520767, at *2-3; Simms v. Deutsche Bank Nat. Trust Co., No. 1:12-CV-4493-WSD, 2014 WL 273236, at *4 (N.D. Ga. Jan. 22, 2014) (collecting cases).[3] Thus, the Court finds that Defendants' removal of this case was not untimely.

---

[3] Although the issue of insufficient service of process is relevant to CitiMortgage's argument that removal was timely, the issue is not considered as to CitiMortgage's Motion to Dismiss because the defense of insufficient service of process was not raised in that motion. See Fed. R. Civ. P. 12(h)(1) (defense of insufficient service of process is waived if not raised in motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

## III.  **MOTIONS TO DISMISS**

CitiMortgage and Fannie move to dismiss the complaints pursuant to Fed. R. Civ. P. 12(b)(6).[4]

### A.  *Standard of Review*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. While detailed factual allegations are not required in order to withstand a motion to dismiss under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citation omitted). The complaint must allege facts sufficient "to raise a right to relief above the speculative level." Id. "In evaluating such a motion, [the court] accept[s] the factual allegations in the complaint as true and . . . construe[s] them in the light most favorable to the plaintiff." 75 Acres, L.L.C. v. Miami-Dade Cnty., 338 F.3d 1288, 1293 (11th Cir. 2003) (citing Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)). The Court evaluates the plausibility of the grounds pleaded in support of the claims for relief,

---

[4] For purposes of the 12(b)(6) analysis, the Court considers, together, the allegations made in the December 17, 2013 and the November 26, 2013 complaints. Going forward, they are referred to collectively as "the Complaint." It should be noted that CitiMortgage's and Fannie Mae's initial motions to dismiss were based only upon the allegations contained in the December 17, 2013 complaint. The November 26, 2013 complaint, however, is the more detailed complaint. While the November 26, 2013 complaint sets forth several facts and causes of action, the December 17, 2013 complaint only contains two short paragraphs and seeks "further" damages. Both assert the same causes of action. Thus, the Court construes the December 17, 2013 complaint as an amendment, which incorporates the November 26, 2013 complaint. Plaintiffs identify the November 26, 2013 complaint in response to Defendants' motions to dismiss. CitiMortgage further addresses the allegations contained in the November 26, 2013 complaint in its reply brief, which was filed after Plaintiffs raised the issue and after CitiMortgage supplemented the Notice of Removal to include that complaint. Plaintiffs filed a response to Defendants' replies [Doc. No. 9], in which Plaintiffs had the opportunity to address CitiMortgage's attack on the November 26, 2013 complaint, if they so desired. The Court will consider Plaintiffs' arguments contained in that response.

rather than either their possibility or probability.  See Twombly, 550 U.S. at 555-57.  A court evaluating a Rule 12(b)(6) motion may not consider matters outside the pleadings unless the court treats the motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56 and gives all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d).  The court may, however, consider documents attached to pleadings if the documents are central to the plaintiff's claims and authenticity is undisputed.  See Sheppard, 542 F. App'x at 791.

### B. *Wrongful Foreclosure*

To state a claim for wrongful foreclosure in Georgia, a plaintiff must allege facts from which a court can plausibly infer "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 318 Ga. App. 171, 733 S.E.2d 457, 462 (2012).  Under Georgia law, "'where a grantee does not comply with the statutory duty under O.C.G.A. § 23-2-114 to exercise fairly the power of sale in a deed to secure debt, the debtor may sue for damages for the tort of wrongful foreclosure."' McGinnis v. Am. Home Mortgage Servicing, Inc., No. 5:11-CV-284 CAR, 2012 WL 426022, at *3  (M.D. Ga. Feb. 9, 2012) (quoting Calhoun First Nat. Bank v. Dickens, 264 Ga. 285, 285, 443 S.E.2d 837, 838 (1994)).

Plaintiffs allege throughout the Complaint that CitiMortgage's authority to foreclose was "predicated upon a fraudulent assignment."  (See Compl., Nov. 26, 2013, [Doc. No. 5-2] at p. 9.) As CitiMortgage argues, however, Georgia courts have consistently held that a plaintiff is without standing to challenge the validity or force of an assignment of a security deed to which he is not a party.  Because Plaintiffs are strangers to the assignment, they lack standing to challenge it.  See Handfield v. Wells Fargo Bank, N.A., No. 1:12-CV-01080-RWS, 2013 WL 1501942, at *5 (N.D. Ga. Jan. 23, 2013) (collecting cases), report and recommendation adopted, No. 1:12-CV-1080-RWS, 2013 WL 1501940 (N.D. Ga. Mar. 6, 2013); see also Montgomery

v. Bank of Am., 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013).  Plaintiffs' claim for wrongful foreclosure based upon a fraudulent assignment between MERS and CitiMortgage fails to state a claim for relief.

In addition, the real property records attached to CitiMortgage's Motion to Dismiss show that the security deed, signed by Mr. Aning, states that he "does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, [a] power of sale" as to the Property and that MERS may exercise, among other things,  "the right to foreclose and sell the Property." (Security Deed [Doc. No. 3-2] at p. 4.) On January 9, 2012, MERS, as nominee for Taylor Bean, assigned to CitiMortgage its interest in the Security Deed. (Assignment [Doc. No. 3-3] at p. 2.)   Consequently, upon a default, CitiMortgage would have full authority to foreclose on the Property.   See You v. JP Morgan Chase Bank, N.A., 293 Ga. 67, 74, 743 S.E.2d 428, 433 (2013).

Plaintiffs also allege that Defendants improperly initiated foreclosure proceedings while Plaintiffs were making payments. (Compl., Nov. 26, 2013, at  p. 9.)  Plaintiffs contend that they made two mortgage payments within ten days of CitiMortgage's January 30, 2012 Notice of Foreclosure Sale.  Plaintiffs made a payment in the amount of $1,357.82 on January 20, 2012.  Plaintiffs made another payment on February 3, 2012. Both payments were returned by CitiMortgage. Here, CitiMortgage argues that Plaintiffs' allegation that they made two mortgage payments around the time that CitiMortgage sent the Notice of Foreclosure Sale does not, in itself, state a plausible claim for wrongful foreclosure against CitiMortgage.  The Court agrees.

This, however, does not end the Court's inquiry into the wrongful foreclose claim.  In its  motion to dismiss, CitiMortgage contends, "Mr. Aning stopped making loan payments and thus defaulted on the terms of the security deed." (CitiMortgage's Mot. To Dismiss [Doc. No. 3-1] at p. 4.) Plaintiffs allege in the Complaint, however, that Defendants' allegation that they stopped making

- 8 -

payments is untrue.  (Compl., Nov. 26, 2013, at p. 9.)  Plaintiffs further argue that "having invested close to a half a million dollars . . . in their home[, they] did not suddenly stop making payments and put their investments at risk." (Id.)  In their response brief, Plaintiffs explain that "even though times were tough [they] kept up with mortgage payments" and "CitiMortgage had no right whatsoever to foreclose." (Pls.' Resp.[Doc. No. 5] at p. 5.)  Although not artfully pleaded,[5] the Court accepts Plaintiffs' allegation in the Complaint - i.e. that they did not stop making mortgage payments - as true.  As Plaintiffs suggest, "Defendants actions in falsely stating default in order to foreclose and try to repossess" the Property could give rise to an actionable claim. (Id. at p. 6.)

Here, the Complaint demonstrates that CitiMortgage serviced Mr. Aning's mortgage and, therefore, had the legal duty to exercise fairly and in good faith the power of sale in a deed to secure Mr. Aning's debt.  Plaintiffs also sufficiently allege that they never stopped making payments, which contradicts CitiMortgage's reason for declaring default on the loan.  If true, a court could find that CitiMortgage breached its duty.  Finally, Plaintiffs sufficiently established a causal connection between the alleged breach of CitiMortgage's duty and the injury sustained as a result.  Accordingly, CitiMortgage's motion to dismiss as to the wrongful foreclosure claim is denied.  See DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 449, 662 S.E.2d 141 (2008) (citation and footnote omitted) ("A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose."); Adams v. Mortg. Elec. Registration Sys. Inc., No. 1:11-CV-04263-RWS, 2012 WL 1319453, *7 (N.D.Ga. Apr. 16, 2012) ("Plaintiff alleges that Defendants foreclosed on the Property notwithstanding the fact that Plaintiff was not in arrears . . . [t]his allegation is sufficient to plausibly show that Defendants breached their duty to exercise fairly the power of sale").

---

[5]The Court construes Plaintiffs' pro se Complaint liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

- 9 -

Fannie Mae's motion to dismiss on the wrongful foreclosure claim is due to be granted. Here, Plaintiffs allege, and the documents central to Plaintiffs' Complaint show, that CitiMortgage - not Fannie Mae - foreclosed on the Property. (Compl., Nov. 26, 2013, at p. 7.) Subsequent to the foreclosure, CitiMortgage transferred the Property to Fannie Mae. Because Fannie Mae was not involved in the foreclosure process, Plaintiffs do not state a claim against Fannie Mae for wrongful foreclosure. See Thompson-El v. Bank of Am., N.A., 327 Ga. App. 309, 312, 759 S.E.2d 49, 52 (2014).

### C.     *Intentional Infliction of Emotional Distress*

To prevail on a claim of intentional infliction of emotional distress under Georgia law, a plaintiff must demonstrate the following: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe." Smith-Tyler . Bank of Am., N.A., 992 F. Supp. 2d 1277, 1282 (quoting United Parcel Serv. v. Moore, 238 Ga. App. 376, 377, 519 S.E.2d 15 (1999)). The type of extreme and outrageous conduct giving rise to a claim for intentional infliction of emotional distress must "go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community." Id. It is well-recognized that "the burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one." Racette, 318 Ga. App. at 179 (quoting Frank v. Fleet Fin. Inc. of Ga., 238 Ga. App. 316, 317, 518 S.E.2d 717 (1999)).

To support their claim for intentional infliction of emotional distress, Plaintiffs allege that Defendants "placed a notice copy in a general circulation newspaper" and, as a result, Plaintiffs were "libeled, wrongfully humiliated, embarrassed, and wrongfully subjected to public scrutiny, ridicule, and embarrassment since [Defendants] had no authority to foreclose and forcing Petitioners' to live in fear and

anguish in their home." (Compl., Nov. 26, 2013, at p. 11.) Plaintiffs also contend that Defendants "continue to harass [them] . . . by continuing to post correspondence . . . on the main door of [Plaintiffs'] home causing further embarrassment, pain and intentional infliction of emotional and psychological distress." (Compl., Dec. 17, 2014, [Doc.No. 1-1] at p. 3.) Plaintiffs further argue that Defendants cancelled the insurance on the Property and now Plaintiffs are experiencing defects with the Property that have not been fixed. (Compl., Nov. 26, 2013, at p. 12.)  In a document entitled "Undue Hardship to Plaintiffs' [sic] by Defendants' [sic]" Plaintiffs explain that sheriffs moved their contents out of the Property on February 5, 2014. (Doc. No. 11 at p. 1.) Plaintiffs contend that they were treated inhumane and disrespectfully. (Id. at 2.) In that document, Ms. Aning further explains the severity of the emotional distress she is experiencing.

Georgia courts have held that "intentional wrongful foreclosure can be the basis for an action for intentional infliction of emotional distress under certain circumstances." Racette, 318 Ga. App. at 179 (quoting Blue View Corp. v. Bell, 298 Ga.App. 277, 279, 679 S.E.2d 739, 742 (2009)). But, the conduct at issue must still be the type that goes beyond all bounds of decency as to be utterly intolerable in a civilized community. Id. The conduct that Plaintiffs describe, of Defendants placing a foreclosure notice in the paper and on the door of the Property and executing a writ of possession, is not so extreme and outrageous to warrant liability. See id. (allegations that defendants conducted foreclosure sale despite knowing of inaccuracies in the published foreclosure advertisements did not constitute extreme and outrageous conduct); Phillips v. Ocwen Loan Servicing, LLC, 1:12-CV-3861-WSD, 2013 WL 4854760 (N.D. Ga. Sept. 11, 2013) (finding allegations that lender misapplied mortgage payments, incorrectly determined Plaintiff's loan was in default, and published allegedly untrue statement that Plaintiff was in default, did not rise to the level of extreme and outrageous); Smith-Tyler, 992 F.

- 11 -

Supp. 2d at 1282 (finding defendant's conduct of collecting on a debt that had been satisfied was not extreme and outrageous).  Thus, the Court finds that Plaintiffs do not state a claim for intentional infliction of emotional distress.  And, the Court need not reach the issues of causation and the severity of Plaintiffs' alleged injuries.

### D. Fraud

In order to make a valid claim for fraud, a plaintiff must show:

> (1) that the defendant made a material misrepresentation; (2) that at the time he knew it was false; (3) that he made it intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the misrepresentation; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of its having been made.

Nash v. Studdard, 294 Ga. App. 845, 848, 670 S.E.2d 508, 513 (2008).  In addition, Fed. R. Civ. P. 9(b) requires that a person alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  The Eleventh Circuit has consistently held:

> To comply with Rule 9(b), a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Thomas v. Pentagon Federal Credit Union, 393 Fed. App'x 635, 638 (11th Cir. 2010) (citation omitted).

Under its fraud claim, Plaintiffs exclusively challenge the assignment between MERS and CitiMortgage.  In support of this claim, Plaintiffs make several statements, including: (1) Jacquelyn Broadway prepared the assignment on behalf of CitiMortgage, but also signed the document on behalf of MERS; (2)the cancellation deed was filed in 2008, but the assignment was not created and recorded until 2012; (3)Taylor Bean ceased operations in 2009, but the assignment was not created and recorded until 2012; (4) the notary Helen Petal is not listed on

the Texas Notary website; and (5) CitiMortgage created this document in order to show the Court that it had legal standing. It also appears that Plaintiffs argue that MERS did not have authority to transfer the note as nominee of Taylor Bean without specific written instructions by the lender.

Plaintiffs' fraud claim fails for several reasons. First, as noted above, a plaintiff who is not a party to an assignment has no standing to challenge the validity of the assignment. See Handfield, 2013 WL 1501942, at *5. Second, even if Plaintiffs did have standing, the Court is not aware of any authority that would invalidate the assignment between MERS and CitiMortgage because Taylor Bean was defunct. This alone does not state a claim for fraud. See id. (recommending complaint against Wells Fargo be dismissed because the Court was "unaware of any legal authority that would invalidate the assignment from MERS to Wells Fargo, simply because Utah Financial, the original lender, was defunct."); Funderburk v. Fannie Mae, No. 1:13-CV-01362-JEC, 2014 WL 1292650, at *4 (N.D. Ga. Mar. 28, 2014). And, as discussed above, the language in security deed clearly gave CitiMortgage the right to foreclose on the Property if Mr. Aning was indeed in default. Third, to the extent Plaintiffs assert fraud on the basis of "robo-signing," this claim fails because no such cause of action exists in Georgia. Menyah v. BAC Home Loans Servicing, LP, No. 1:12-CV-0228-RWS, 2013 WL 1189498, at *3 n.3 (N.D. Ga. Mar. 21, 2013); Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-CV-00135-RWS, 2012 WL 603595, at *4 (N.D.Ga. Feb.24, 2012) (citing Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311-MTT, 2011 WL 5835925, at *3 (M.D.Ga. Nov.21, 2011)); Milburn v. Aegis Wholesale Corp., No. 1:12-CV-01886-RWS, 2013 WL 1136983, at *4 (N.D. Ga. Mar. 18, 2013).

Plaintiffs' fraud claim also fails for a wholly independent reason. That is, Plaintiffs' disjointed allegations fail to meet the particularity requirements under Rule 9(b) for alleging a claim of fraud. "The particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct

with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Funderburk, 2014 WL 1292650, at *5 (N.D. Ga. Mar. 28, 2014) (internal marks and citation omitted). Thus, Plaintiffs' fraud allegations fail to state a claim upon which relief can be granted.

### E.     *Injunctive or Declaratory Relief*

It appears that, at this point, Plaintiffs have been removed from the Property. But, to the extent Plaintiffs sought, or still seeks, an injunction from this Court to set aside the state court dispossessory proceedings, the Court cannot provide Plaintiffs any such relief. The Anti-Injunction Act states that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Courts have consistently held that the Act precludes a district court from enjoining a state-ordered eviction. See, e.g., Baker v. CitiMortgage, Inc., No. 1:13-CV-0477-WSD, 2013 WL 4217433, at *4 (N.D. Ga. Aug. 14, 2013); Paulo v. OneWest Bank, FSB, No. 1:13-CV-3695-WSD, 2014 WL 3557703, at *5 (N.D. Ga. July 18, 2014); Bailey v. Deutsche Bank Trust Co. Americas, No. 3:13-cv-00001 (CAR), 2013 WL 395969, at *1 (S.D. Ga. Jan. 31, 2013).

To the extent Plaintiffs request that the Court review and overturn the completed dispossessory proceeding and writ of possession issued by the state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Federal district courts "generally lack jurisdiction to review a final state court decision." Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923)); Baker, 2013 WL 4217433, at *4; Paulo, 2014 WL 3557703, at *5. Plaintiffs' request for injunctive relief is dismissed.

## IV.     CONCLUSION[6]

The Court hereby **GRANTS in part and DENIES in part** CitiMortgage, Inc.'s Motion to Dismiss [Doc. No. 3].  The Court **GRANTS** CitiMortgage's Motion to Dismiss as to Plaintiffs' claims for Intentional Infliction of Emotional Distress, Fraud, and Injunctive Relief, and **DISMISSES** those claims as to CitiMortgage.  The Court **DENIES** CitiMortgage's Motion as to the Wrongful Foreclosure claim and allows that claim to proceed against CitiMortgage.

The Court **GRANTS** Federal National Mortgage Association's Motion to Dismiss [Doc. No. 4] and **DISMISSES** Plaintiffs' claims, in their entirety, against Federal National Mortgage Association.

SO ORDERED this 25th day of September, 2014.

s/    CLARENCE COOPER
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] In their response to Defendants' motions, Plaintiffs state that Pendergast and Associates, as well as individual attorneys, are being added into this suit. (Pls. Resp. [Doc. No. 5]).  This statement is without merit as Plaintiffs have not sought to amend their Complaint to add parties or claims.